**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4904**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN ALBERT BRADLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (CR-04-433)

_____

Submitted:  August 31, 2005          Decided:  October 6, 2005

_____

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Brent Alan Gray, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Albert Bradley challenges the sentence imposed against him for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), contending that the district court's application of an enhanced base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4) (2003), and a two-level enhancement for an obliterated serial number, USSG § 2K2.1(b)(4), violated the Sixth Amendment in light of Blakely v. Washington, 542 U.S. 296 (2004). We affirm.

Because Bradley preserved his Sixth Amendment claim, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Bradley had a prior felony conviction for possession of crack with intent to distribute. The district court did not need to make any fact findings about this conviction to conclude that it was a controlled substance offense. See United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005). Therefore, the enhancement of Bradley's base offense level under § 2K2.1(a)(4) did not violate the Sixth Amendment.

Moreover, although Bradley did not expressly admit that the firearm he possessed had an obliterated serial number, the sentence he received did not exceed the maximum the court could have imposed based only on facts Bradley admitted before adjusting for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300-01 & n.4 (4th Cir. 2005). Without the two-level

- 2 -

enhancement for an obliterated serial number and before any reduction for acceptance of responsibility, Bradley's offense level would have been 20 and his guideline range would have been 70-87 months. Therefore, Bradley's 78-month sentence is within the guideline range that would have applied without the enhancement, and no Sixth Amendment violation occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>